MEMORANDUM *
Michelle Maliniak appeals the district court’s grant of judgment as a matter of law in favor of the City of Tucson (“City”) on her claim of sexual discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C.2000e, et seq. (“Title VII”). Ma-liniak was an engineer in the Tucson fire department. She filed her charge of discrimination with the Equal Employment Opportunity Commission three hundred days after finding a sign on a fire department Hazmat truck, as described below. A jury found in favor of Maliniak on her Title VII hostile work environment claim and awarded her $35,000. In its verdict, the jury explicitly found that the truck sign incident, which was the only incident within the three hundred day limitations period, was a continuing part of Maliniak’s earlier hostile work environment claim. In granting the City’s Rule 50(b) motion, the district court concluded that the truck sign incident was not related to the earlier incidents, and that Maliniak’s hostile work environment claim was therefore time-barred. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.
1. We review de novo a district court’s grant or denial of judgment as a matter of law. Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., 658 F.3d 936, 941 (9th Cir.2011). Judgment as a matter of law is appropriate when the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion that is contrary to the jury’s verdict. Martin v. Cal. Dep’t of Veterans Affairs, 560 F.3d 1042, 1046 (9th Cir.2009).
2. The Supreme Court explained in National Railroad Passenger Corp. v. Morgan that, for a hostile work environment charge to be timely, “the employee need only file a charge within ... 300[1] days of any act that is part of the hostile work environment.” 536 U.S. 101, 118, *628 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). The acts within and outside of this period must have some “relation to” each other. Id. In other words, a court must “determine whether the acts about which an employee complains are part of the same actionable hostile work environment practice, and if so, whether any act falls within the statutory time period.” Id. at 120, 122 S.Ct. 2061.
3. At Maliniak’s assigned station, male firefighters repeatedly used the women’s bathroom, leaving it dirty and walking in on Maliniak. After Maliniak brought the issue to her supervisor’s attention, a captain put a sign on the women’s bathroom door that said “No Men.” The next day, Maliniak found someone had written “for me” next to “No Men.” After finding the writing on the sign, Maliniak discussed the issue with the chief of the fire department, who circulated a memorandum reinforcing that the women’s bathroom is exclusively for women. Problems with the women’s bathroom continued. Four months after the bathroom sign incident and the circulation of the chiefs memorandum, Maliniak found a sign on a Hazmat truck in the course of her routine chores that said: “Fu@# You Use Reverse B!*tch.” A firefighter from a different shift had put the sign on the truck as a practical joke intended for another firefighter on his shift four days before Maliniak found it. The firefighters involved and their supervisors knew about the bathroom sign incident before the truck sign incident.
4. Construing the evidence in the light most favorable to Maliniak, it was’ not unreasonable for a jury to conclude that the truck sign incident was related to the earlier bathroom incidents, and that all incidents were therefore part of the same actionable hostile work environment claim. See Martin, 560 F.3d at 1046. While we have considered “whether the earlier and later events amounted to ‘the same type of employment actions, occurred relatively frequently, [or] were perpetrated by the same managers,’ ” Porter v. Cal., Dep’t., of Corr., 419 F.3d 885, 893 (9th Cir.2005) (quoting Morgan, 536 U.S. at 120, 122 S.Ct. 2061) (alteration in original), Morgan did not limit the analysis to those factors.[2] See 536 U.S. at 120,122 S.Ct. 2061 (affirming use of those factors). Here, it was reasonable for the jury to conclude that the truck sign incident was related to the earlier bathroom incidents because both involved written signs that were denigrating to women, and the supervisors and firefighters who allowed the sign to remain on the truck knew of the offensive bathroom sign. Having concluded that the trial evidence permits a conclusion that is not contrary to the jury’s verdict, we reverse the grant of judgment as a matter of law and reinstate the verdict.
REVERSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The parties agree that 300 days is the applicable limitations period. See 42 U.S.C. § 2000e-5(e)(l).

. Contrary to the dissent’s argument, neither Morgan nor Porter limits us to a particular set of factors. In Morgan, the Supreme Court affirmed our consideration of relatedness, in which we assessed the type of employment action, the frequency of the alleged discriminatory acts, and whether they were perpetrated by the same managers. Morgan, 536 U.S. at 120-21, 122 S.Ct. 2061. Similarly, Porter did not establish a test of factors. There, we stated that "we consider” the circumstances cited in Morgan. Porter, 419 F.3d at 893.